UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WESTERN SUPREME BUDDHA ASSOCIATION
INC., WESTERN SUPREME BUDDHA TEMPLE
a/k/a WESTERN SUPREME BUDDHA TEMPLE,
INC., LUCAS Z. WANG a/k/a MASTER ZIGUANG
SHANG SHI a/k/a HOLY ZIGUANG SHANG SHI,
CHUN YEE J. WONG a/k/a JENNIE WONG,
HSIAOPEI TAN a/k/a BETTY TAN, MIALANA
MAK, SUET LEE CHAN a/k/a NAKIE CHAN, YIN
YEE LO a/k/a DEVI LO, and YIK CHENG AIK/A
AEOLIAN CHENG,

                                       Plaintiffs,

        v.                                        08-CV-1374 (TJM/DRH)


OASIS WORLD PEACE AND HEALTH
FOUNDATION, OASIS CAPITALS INC., CHANGLIN
QIN a/k/a CHARLES QIN, and MIN ZOU a/k/a HELEN
ZOU,

                                       Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge


DECISION and ORDER

        Plaintiffs commenced the instant action asserting claims under the Lanham Act, 15

U.S.C. § 1125(a), and under state law sounding in trademark infringement, unfair

competition, conversion, and defamation.  Before the Court is Plaintiffs' Motion for Default

Judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Plaintiffs seek damages, costs and attorney's

fees, and a permanent injunction.

I.        BACKGROUND

Plaintiffs filed their complaint *pro se* on December 30, 2008.  Dkt. No. 1.

Summonses were issued on December 30, 2008, Dkt. No. 2, and reissued on January 14,

2009.  Dkt. No. 5.  Summonses were returned unexecuted upon all four Defendants on

February 23, 2009.  Dkt. No. 7, 8, 9.  Summonses were reissued on March 6, 2009.  Dkt. No.

10.  Plaintiffs filed a certificate of service upon all Defendants on March 10, 2009.  Dkt. No.

11.  As demonstrated below, this certificate of service was not legally accurate.

On March 7, 2009, attorney Mark J. McCarthy, Esq., filed a motion on behalf of

Defendant Lan Wu a/k/a Helen Wu.  Dkt. No. 12.  Wu was dismissed from the action shortly

thereafter upon stipulation.  Dkt.  No. 20.  On March 30, 2009 the Court granted Plaintiffs an

extension to July 1, 2009 to complete service of process upon all Defendants.  Dkt. No. 14.

Although Attorney McCarthy did not enter a notice of appearance on behalf of the remaining

Defendants in the action, Plaintiffs attempted to serve Defendants Oasis World and Oasis

Capitals by certified mail to Mr. McCarthy's address on June 23.  Dkt. No. 18.

Summonses were reissued on September 8, 2009.  Dkt. No. 21.  Attorney Arlen L.

Olsen, Esq., entered an appearance on behalf of all Plaintiffs on October 30, 2009, and

moved for an additional thirty days to serve Defendants, which was granted on November 2,

2009.  Dkt. No. 22, 23, 24.  Plaintiffs subsequently served summonses on Oasis World

Peace and Health Foundation ("Oasis World") and Oasis Capitals, Inc. ("Oasis Capitals") by

service on the New York Secretary of State and certified mail to the last known address of

the directors of these corporations, Defendants Qin and Zou.  Dkt. No. 25, 26.

On December 2, 2009, Plaintiffs requested an extension of time until January 4,

2010 to serve Defendants Qin and Zou, which was granted on December 3, 2009.  Dkt. No.

27, 28.  On December 15, 2009, Plaintiffs filed affidavits of service on Defendants Qin and Zou.  Dkt. No. 29, 30.   These affidavits of service attested that the process server served the summonses and complaints upon an attorney purportedly representing Defendants in Canada.

Plaintiffs moved for entry of default on May 17, 2010, and submitted affidavits of service for each defendant.  Dkt. No. 32.  Plaintiffs' counsel also submitted an affidavit attesting, *inter alia*, that service of process upon defendants was legally proper.  Accordingly, the Clerk of the Court entered Defendants' default on May 18, 2010, pursuant to Fed. R. Civ. P. 55(a).  Dkt. No. 33.

Plaintiffs then moved for a default judgment against all Defendants seeking monetary damages, costs and attorney's fees, and a permanent injunction.  See Dkt. No. 34. The papers submitted by Plaintiffs in support of their motion are not in the proper form.  See General Order #22.[1]  Plaintiffs' Motion for Default Judgment, Dkt. 34, and their Reply to the Response to the Motion, Dkt. 38, are accompanied by attachments labeled solely by their Exhibit numbers (*i.e*. "Exhibit 1" *etc.*), while key documents contained therein, such as Plaintiffs' Memorandum of Law, are not identified with descriptive titles appearing in the Docket Sheet.  The Court will not search through these documents looking for evidence to

---

[1]General Order #22, Administrative Procedures for Electronic Case Filing, reads as follows:

All attachments must be described in sufficient detail so the Court and opposing counsel can easily identify and distinguish the filed attachments. Vague or general descriptions are insufficient (i.e. 'Exhibit 1').  Rather, each attachment shall have a descriptive title identifying, with specificity, the document that is being filed (i.e. 'Exhibit 12 Mulligan County Fire Investigation Report.')  Failure to adequately describe attachments may result in the document being rejected by the Court.

support Plaintiffs' motion, and counsel is forewarned that future violations of General Order #22 will result in rejection of the papers.

On July 12, 2010, Attorney McCarthy submitted opposition on behalf of Defendants Changlin Qin a/k/a Charles Qin ("Qin") and Min Zou a/k/a Helen Zuo ("Zou") to the motion for a default judgment. Dkt. No. 36. The opposition contains an affidavit from these Defendants' Canadian attorney who attests that, while in a Canadian courtroom on an unrelated matter, a process server handed him the summonses and complaints from the instant case. The Canadian attorney attests, however, that he never represented that he was authorized to accept service on behalf of Quin and Zou. Accordingly, Attorney McCarthy contends that service was improper and that, because proper service has not been executed upon Quin or Zou, the Court lacks jurisdiction over these Defendants.[2]

In Plaintiffs' Reply papers, Dkt. No. 38, although arguing that the Court should ignore Quin and Zou's opposition because the papers were untimely under the Local Rules, Plaintiffs implicitly acknowledge that the Court lacks jurisdiction over Quin and Zou and ask the Court for additional time to perfect service upon these defendants. See Reply, p. 3.

II.     **DISCUSSION**

   a.     **Default Judgment Against Defendants Zou and Qin**

The Court lacks personal jurisdiction over Defendants Quin and Zou. Accordingly, the motion for a Default Judgment as to these defendants is **DENIED**, and the **ENTRY of DEFAULT** as to Defendants Quin and Zou is **VACATED**.

---

[2]Attorney McCarthy also asserts that, in his attempt to obtain an extension of time to respond to the motion, he made Plaintiffs' counsel aware of this lack of jurisdiction but that Plaintiffs' counsel refused the request.

**b.    "Motion" for Leave and Court-Ordered Service**

In their reply papers, Plaintiffs request an order for substitute service.  A reply memorandum of law is not the proper place to make a new substantive motion.   Accordingly, Plaintiffs' motion for "court leave and court-ordered service under NY CPLR 308(5)" is **DENIED with Leave to Renew** upon proper papers.  The renewed motion, if made, should be addressed to Magistrate Judge Homer.

**c.    Default Judgment Against Defendants Oasis Capitals and Oasis World**

**1.    Liability**

Defendants Oasis Capitals and Oasis World's failure to appear constitutes an admission of all well-pleaded allegations in the Complaint.  Volkswagen AG v. V.W. Parts, 2009 WL 1045995, at *1 (N.D.N.Y. 2009) (citing H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006)).   However, in the 264 paragraphs of the Complaint, the overwhelming majority of allegations are against the "defendants" generally, or the individual defendants.  Defendant "Oasis World" is specifically mentioned:

(a) in the portion of the Complaint asserting that "Defendants improperly utilized Plaintiff Master's Name, Photograph and Marks and Plaintiff Temple's Logo," see Compl. ¶¶ 100 - 135;

 (b) in the First Cause of Action asserting a False Designation and/or False Endorsement claim pursuant to the Lanham Act, see Compl. ¶ 164; id. ¶¶ 162-170; and

(c) in the Second Cause of Action asserting an Invasion of the Right to Privacy in violation of New York Civil Rights Law § 51. See Compl. ¶ 179; id. ¶¶ 171-185.

In addition, paragraphs 105 -107 in the Complaint allege that Defendant Oasis World published three volumes of "a periodical and/or book" entitled "Peace & Health."

- 5 -

Later, throughout portions of the Complaint (identified below ) it is alleged that "Defendants'" conduct in publishing these volumes caused certain injuries or was the basis of certain claims.  Accordingly, the Court concludes that Oasis World is mentioned by implication:

(a) in the Third Cause of Action asserting a Common Law Trademark Infringement claim, Compl. ¶¶ 186-197;

(b) in the Fourth Cause of Action alleging a second Common Law Trademark Infringement claim, Compl. ¶¶ 198-217;

(c) in the Fifth Cause of Action asserting a Common Law Unfair Competition - Misappropriation claim.  Compl. ¶¶ 218-224; and

(d) in the Sixth Cause of Action asserting a Common Law Unfair Competition - Palming Off claim. Compl. ¶¶ 225-233.

Based upon the allegations contained in the Complaint as identified above, Plaintiff's motion for a default judgment against Defendant Oasis World is **GRANTED as to liability** on the First through Sixth Causes of Action, and **DENIED with leave to renew** as to liability on the remaining claims.

Oasis Capitals is mentioned only in the potion of the Complaint that asserts the background about the parties, see Compl. 39-43, and is not specifically mentioned in any portion of the Complaint asserting conduct forming the basis of any of the claims.  As indicated above, the Court declines to search through Plaintiffs' documents to see if there is a legal basis for the claims against this defendant.   Accordingly, Plaintiffs' motion for a default judgment against Defendant Oasis Capitals is **DENIED with leave to renew upon proper papers.**

### 2.  Damages & Permanent Injunction

"A court may award an injunction, damages, and civil penalties on a default judgment. On default, however, the court does not accept as true allegations in the complaint regarding the relief sought by the plaintiff.  Rather, the plaintiff is required to prove independently that it is entitled to the relief it requests." S.E.C. v. Anticevic, 2010 WL 3239421, at *3 (S.D.N.Y. Aug. 16, 2010)(citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)); see Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc., 2009 WL 4730700, at *2 (N.D.N.Y. 2009)("However, the court cannot construe the damages alleged in the complaint as true. Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" )(citing Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

Because the Court declines to search through Plaintiffs documents filed in violation of General Order #22, it is unable to determine whether Plaintiffs have set forth a basis for monetary damages with sufficient particularity to justify such an award. See Greyhound Exhibitgroup Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 113 S. Ct. 1049 (1993).   Accordingly, the motion in this regard is **DENIED with leave to renew upon proper papers**.

For similar reasons, the Court is unable to determine whether it may impose a permanent injunction.  A permanent injunction is proper only when plaintiff shows "the absence of an adequate remedy at law and irreparable harm if the relief is not granted." New

York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1362 (2d Cir.1989).[3]  "In the realm

of trademark infringement and unfair competition, permanent injunctive relief will be granted

only upon proof of the likelihood that purchasers of the product may be misled in the future."

A.V. By Versace, Inc. v. Gianni Versace S.p.A., 2005 WL 147364, at * 5 (S.D.N.Y. Jan. 24,

2005)(citation and interior quotation marks omitted); see also Burndy Corp. v. Teledyne

Indus., Inc., 748 F.2d 767, 772 (2d Cir.1984) ("permanent injunctive relief will be granted only

upon proof of the likelihood that purchasers of the product may be misled in the future");

Collins v. Aztar Corp., 210 F.3d 354, 354 (2d Cir. 2000)(same); cf. SEC v. Manor Nursing

Centers, Inc., 458 F.2d 1082, 1100 (2d Cir. 1972) (injunction unnecessary if there is no

reasonable likelihood that the conduct at issue will be repeated).  In the related realm of

copyright infringement, the United States Supreme Court "has consistently rejected

invitations to replace traditional equitable considerations with a rule that an injunction

automatically follows a determination that a copyright has been infringed."  eBay Inc. v.

MercExchange, L.L.C., 547 U.S. 388 (2006).

　　　Because the Court declines to search through Plaintiffs' improperly filed papers, the

Court is unable to determine whether Plaintiffs have established the likelihood that potential

customers or purchasers of Plaintiffs' product or services may be misled in the future, or

whether Plaintiffs have established that they have no adequate remedy at law.  See Century

21 Real Estate LLC v. Bercosa Corp., 666 F. Supp.2d 274, 296 (E.D.N.Y. 2009).[4]  Further,

---

[3] Plaintiffs cite Salinger v. Colting, 607 F.3d 68 (2d Cir. 2010) for the permanent injunction standard, but Salinger is an appeal from the grant of a preliminary injunction.

[4]("Such a remedy exists if an injured party can be compensated by a monetary damages award. Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 34 (2d Cir. 1991). However, in cases where confusion about the origin of goods or services leads to damage to reputation or loss of a potential relationship with a client
(continued...)

the entry of a permanent injunction without appropriate findings violates the command of

Fed. R. Civ. P. 52(a) ("the court shall find the facts specially and state separately its

conclusions of law thereon").   Fed. R. Civ. P. 52(a)'s requirement that the trial court find

facts specially and state its conclusions of law is mandatory and cannot be waived.

Inverness Corp. v. Whitehall Laboratories, 819 F.2d 48 (2d Cir. 1987).

Therefore, that portion of Plaintiffs' motion seeking a default judgment awarding a

permanent injunction against Defendant Oasis World is **DENIED with leave to renew upon**

**proper papers.**

If Plaintiffs renew their motion, Plaintiffs should submit evidence, admissible in form

and in accordance with General Order # 22 and all other relevant Local Rules, substantiating

their claims for damages and for injunctive relief against Defendant Oasis World.  In addition,

Plaintiffs should submit proposed Findings of Fact and Conclusions of Law relative to these

claims.

**III.      CONCLUSION**

For the reasons set forth above, it is hereby

**ORDERED** that the portion of Plaintiffs' motion for a Default Judgment [Dkt. # 34]

addressed to Defendants Quin and Zou is **DENIED**, and the **ENTRY of DEFAULT** as to

Defendants Quin and Zou is **VACATED**.  And it is further

**ORDERED** that Plaintiffs' motion, asserted in their reply papers, for substitute

service is **DENIED with leave to renew**.  And it is further

---

⁴(...continued)
that "would produce an indeterminate amount of business in years to come[,]" monetary damages are difficult
to establish and are unlikely to present an adequate remedy at law. Register.com, Inc. v. Verio, Inc., 356 F.3d
393, 404 (2d Cir. 2004) (*citing Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999)").

**ORDERED** that the portion of Plaintiffs' motion for a default judgment addressed to Defendant Oasis Capitals Inc. is **DENIED with leave to renew.**   And it is further

**ORDERED** that the portion of Plaintiffs' motion addressed to a default judgment against Defendant Oasis World Peace and Health Foundation is **GRANTED as to liability** on the claims contained in the First through Sixth Causes of Action,[5] and **DENIED with leave to renew** as to liability on the remaining claims.  And it is further

**ORDERED** that the portion of Plaintiffs' motion addressed to a default judgment awarding damages, costs and attorney's fees, and a permanent injunction against Defendant Oasis World Peace and Health Foundation is **DENIED with leave to renew.**  And it is further

**ORDERED** that Plaintiff shall serve a copy of this Decision & Order and any further motion in support of damages upon Defendant Oasis World Peace and Health Foundation in accordance with the Local Rules of Practice as if Defendant Oasis World Peace and Health Foundation had appeared in the action, and shall file proof of such service with the Court when Plaintiffs files its renewed motion for damages and injunctive relief on default.

**Dated: August 30, 2010**

Thomas J. McAvoy
Senior, U.S. District Judge

---

[5](First Cause of Action asserting a False Designation and/or False Endorsement claim; Second Cause of Action asserting an Invasion of the Right to Privacy in violation of New York Civil Rights Law § 51; Third Cause of Action asserting a Common Law Trademark Infringement claim; Fourth Cause of Action alleging a second Common Law Trademark Infringement claim; Fifth Cause of Action asserting a Common Law Unfair Competition - Misappropriation claim;  and  Sixth Cause of Action asserting a Common Law Unfair Competition - Palming Off claim).