**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

WESTERN SUPREME BUDDHA
ASSOCIATION, INC.; WESTERN SUPREME
BUDDHA TEMPLE,; LUCAS Z. WANG, also
known as Master Ziguang Shang Shi, also
known as Holy Ziguang Shang Shi; CHUN
YEE WONG, also known as Jennie Wong;
HSIAOPEI TAN, also known as Betty Tan;
MIALANA MAK; SUET LEE CHAN, also known
as Nakie Chan; YIN YEE LO, also known as
Devi Lo; and YIK CHENG, also known as
Aeoilia Cheng, all of 174 Shine Road,
Fultonville, New York  12072,

                                  Plaintiffs,

    v.                                             No. 08-CV-1374
                                                 (TJM/DRH)

OASIS WORLD PEACE AND HEALTH
FOUNDATION; OASIS CAPITALS, INC.;
CHANGLIN QIN, also known as Charles Qin;
MIN ZOU, also known as Helen Zou,

                                  Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SCHMEISER, OLSEN & WATTS LLP<br>Attorney for Plaintiffs<br>Suite 302<br>22 Century Hill Drive<br>Latham, New York 12110 | ARLEN L. OLSEN, ESQ. |
| HARRIS BEACH PLLC<br>Attorney for Defendants<br>Suite 1101<br>677 Broadway<br>Albany, New York 12207 | MARK J. McCARTHY, ESQ. |

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

                                    **MEMORANDUM-DECISION AND ORDER**

Plaintiffs, a Buddhist temple and organization in Fultonville, New York and seven individuals associated therewith, commenced this action on December 30, 2008 against Oasis World Peace and Health ("Oasis"), a Canadian not-for-profit corporation, a related entity, and Changlin Qin ("Qin") and Min Zou ("Zou"), individuals allegedly associated with Oasis.  Comp. (Dkt. No. 1).  The complaint seeks compensatory damages, costs, and injunctive relief for alleged violations of the Lanham Act, 15 U.S.C. § 1125(a), and under state law sounding in trademark infringement, unfair competition, conversion, and defamation.  Id.  Plaintiffs have been unable to complete service of process on Qin and Zou, who now apparently reside in Canada, and now move for leave to complete such service by alternate means pursuant to Fed. R. Civ. P. 4(e) and (f)(3) and N.Y. C.P.L.R. 308(5).  Dkt. No. 47. [1]  Defendants have filed no opposition.  For the reasons which follow, plaintiffs' motion is granted.

"A Court may direct service on an individual in a foreign country by any 'means not prohibited by international agreement.'"  Madu, Edozie & Madu, P.C. v. SocketwWorks Ltd. Nigera, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (quoting Fed .R. Civ. P. 4(f)(3)).  Such service "is neither a last resort nor extraordinary relief [though it] . . . must also comport with constitutional notions of due process . . . [namely] notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Id. (internal quotation marks and citations omitted).  Allowing such court-ordered service "is committed to the sound discretion of the district court . . . [though it] may impose a threshold requirement for parties . . . to show that they have reasonably

---

[1] Plaintiffs' previous request for the same relief was denied without prejudice to renewal in a motion returnable before the undersigned.  Dkt. No. 41 at 5.

attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary." Id. (internal quotation marks and citations omitted).

In this case, plaintiffs have demonstrated that court-ordered service is appropriate.[2] Zou's last known address is in New York.  The multiple attempts by plaintiffs' process server to both personally deliver and leave and send copies of the summons to Zou's prior address have failed, the house has since been put up for sale, and the post office has indicated that no forwarding address has been left.  Apparently, at some point in time, Zou and Qin began dating and Zou moved to Canada to be with Qin.  Plaintiffs have also hired a detective in Canada.  Plaintiffs discovered from Qin's ex-wife that he no longer lives at his previous residence, has no contact with her and did not tell her where he was going, and is most likely with Zou as she too believed they are now dating.  The investigator also uncovered locations where Zou and Qin are believed to be working, yet failed to find a permanent

---

[2] Service of process pursuant to federal law "may be made by personal delivery, by leaving copies of the summons and complaint at the defendant's dwelling place or usual . . . abode with a person of suitable age and discretion or by delivering the process to an agent authorized . . . to receive service." Jackson v. County of Nassau, 339 F. Supp. 2d 473, 476 (E.D.N.Y. 2004) (citing Fed. R. Civ. P. 4) (internal quotation marks omitted). Federal law also "authorize[s] service of process pursuant to the law of the state in which the court is located . . . ." Id.  Thus in the present case, service may be made pursuant to methods approved by either federal or New York State law. Id.  New York "sets forth several acceptable methods for service . . . [s]imilar to the federal standards . . . [including] service by personal delivery . . . service to be made . . . at the defendant's residence [by either delivering the summons to a person of suitable age at the home or affixing it to the residence and then mailing another copy of the summons to the last known address or actual place of business of the defendant] . . . .," or providing service through a designated agent. Id. at 476-77 (citing New York C.P.L.R. § 308).

residential address for either individual.[3]  Thus, plaintiffs have demonstrated multiple reasonable attempts to serve defendants which would have comported with the rules governing service, all to no avail.  Accordingly, intervention by the court is deemed appropriate and necessary.

Plaintiffs seek to serve defendants via mail sent to their presumed places of current employment.  Such alternative service is appropriate and comports with the notice requirements of due process given that the investigator's information is accurate.  Additionally, plaintiffs wish to serve Mark McCarthy, named domestic counsel for defendants. Dkt. No. 47-4 at 2.  Federal Rule 4(e), in conjunction with Rule 4(f) "provide for service on persons anywhere, subject to constitutional statutory constraints," including service of a foreign defendant through his or her domestic counsel.  See RSM Production Corp. v. Fridman, No. 06-CV-11512, 2007 WL 2295907, at *5 (S.D.N.Y. Aug. 10, 2007) (internal quotation marks omitted).  "District courts have not authorized service on a lawyer unless there has been adequate communication between the foreign defendant and the lawyer."  Madu, Edozie & Madu, 265 F.R.D. at 116-17 (citing cases).  In this case, McCarthy has had communication with the defendants, that they presumably know of the pending lawsuit, and that McCarthy, at the very least, knows defendants' personal email addresses

---

[3] The Federal Rules state that the method of service upon a foreign defendant must not contradict the Hague Convention.  Fed. R. Civ. P. 4(f)(1).  This provision applies as "Canada and the United States are signatories to such an agreement . . . [and t]he procedures for service in Canada . . . provide for personal service to be accomplished by a sheriff . . . ."  Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 665 (D.Vt. 1996).  However, as defendants' current residential address is unknown, pursuant to Article 1 of the Convention, it does not apply.  Hague Service Convention, 20 U.S.T. 361 at *1 ("This Convention shall not apply where the address of the person to be served with the document is not known.").

and can effectively provide them with service. Dkt. No. 47-4 at 2. Accordingly, the requisite level of attorney involvement has been established to infer that McCarthy is an appropriate agent to accept service for defendants.

Moreover, because plaintiffs have established good cause as to why service has yet to be effected, they are granted until **May 9, 2011** to effect service upon McCarthy, Zou and Qin.[4] Madu, Edozie & Madu, 265 F.R.D. at 118 (citing Fed. R. Civ. P. 4(m)). Good cause is determined by "consider[ing] whether the (1) plaintiff made reasonable efforts to serve the defendant and (2) defendant was prejudiced by the delay in service." Id. (citations omitted). In this case, plaintiffs made repeated efforts to personally serve and subsequently determine the whereabouts of defendants and there is nothing in the record to indicate that defendants have been prejudiced by any delay in service.

Accordingly, it is hereby

**ORDERED** that plaintiffs' motion for leave to complete service of process on Qin and Zou by alternate means (Dkt. No. 47) is **GRANTED** and on or before **May 9, 2011**, plaintiffs may effect service on Qin and Zou by (1) mailing the summons and complaint to them at their place of employment in Canada, and (2) serving the summons and complaint on Mark J. McCarthy, Esq. for forwarding by him to Qin and Zou.

**IT IS SO ORDERED.**

DATED: March 9, 2011
         Albany, New York

_David R. Homer_
United States Magistrate Judge

---

[4] While "[t]here is no time limit by which service must be effected on a defendant in a foreign country pursuant to Rule 4(f)," Zou used to live in the United States, it is unclear when she left, and the status of her residence is still unknown; thus the 120-day time limit may still apply. Madu, Edozie & Madu, 265 F.R.D. at 118 n.2.