UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WESTERN SUPREME BUDDHA ASSOCIATION
INC., WESTERN SUPREME BUDDHA TEMPLE
a/k/a WESTERN SUPREME BUDDHA TEMPLE,
INC., LUCAS Z. WANG a/k/a MASTER ZIGUANG
SHANG SHI a/k/a HOLY ZIGUANG SHANG SHI,
CHUN YEE J. WONG a/k/a JENNIE WONG,
HSIAOPEI TAN a/k/a BETTY TAN, MIALANA
MAK, SUET LEE CHAN a/k/a NAKIE CHAN, YIN
YEE LO a/k/a DEVI LO, and YIK CHENG AIK/A
AEOLIAN CHENG,

                          **Plaintiffs,**

   vs.                                                                    08-CV-1374

OASIS WORLD PEACE AND HEALTH
FOUNDATION, OASIS CAPITALS INC., CHANGLIN
QIN a/k/a CHARLES QIN, and MIN ZOU a/k/a HELEN
ZOU,

                          **Defendants.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## DECISION & ORDER

      Before the Court is Plaintiffs' Motion for a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2), seeking a permanent injunction under 15 U.S.C. § 1116 and attorney's fees under 15 U.S.C. § 1117, against Defendant Oasis World Peace and Health Foundation ("Oasis World"). Dkt. 46 at 4. Oasis World failed to file an answer or any other responsive pleading in this case. The Clerk of the Court entered a default judgment against Oasis World on May 18, 2010. For the following reasons, Plaintiffs' motion is

1

granted in part and denied in part.

## I. FACTS

The Court assumes familiarity with the facts and the background set forth in its August 2010 Decision and Order. Dkt. 41 at 2. In that Decision and Order, the Court held that Plaintiffs' pleadings were insufficient to establish liability as to Defendant Oasis World and denied the motion for default judgment with leave to renew. Plaintiffs now renew their motion against Oasis World. Oasis World has failed to appear or otherwise respond.

## II. STANDARD OF REVIEW

A defendant must file an answer or otherwise defend an action within 21 days of service. Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant fails to respond, a default judgment may be entered at the discretion of the trial court. Fed. R. Civ. P. 55(b)(2). When a court considers a default judgment motion it must accept as true all of the factual allegations of the complaint. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "However, the court cannot construe the damages alleged in the complaint as true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F .3d 151, 155 (2d Cir. 1999). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Au Bon Pain, 653 F.2d at 65. This inquiry "involves two tasks: (1) determining the proper rule for calculating damages on such a claim, and (2) assessing plaintiff's evidence supporting the damages to be determined under this rule." Alcantara, 183 F.3d at 155.

### III.   ANALYSIS

#### a.   **First Cause of Action - Lanham Act Claim**

Plaintiff Ziguang Shang Shi asserts that he has not authorized Defendant Oasis World to utilize "Guang Huan Mi Zong" and "GHMZ" to identify the religious goods and services it provided, in violation of 15 U.S.C. § 1125(a).  Dkt. 46, Exhibit 7, at 14.  Specifically, it is claimed that Defendant infringed on Shi's trademarks by using the "GHMZ" Logo and the names "Guang Huan Mi Zong," or "GHMZ," without authorization, in three volumes of a religious text advocating teachings of "Guang Huan Mi Zong," in a circulated journal about "Guang Huan Mi Zong," and in promotional pamphlets offering religious services to the public.  Id. at 14.

Based on the default, Defendant admits that Plaintiff had protected marks and the use of the marks will likely lead to confusion.  See New Kayak Pool Corp. v. K&P Pools, Inc., 246 F.3d 183, 185 (2d Cir. 2001).  Specifically, Defendant admits to the following facts: (1) Plaintiff's marks are "Guang Huan Mi Zong", "GHMZ", GHMZ logo, "Master Ziguang Shang Shi" and "Holy Ziguang Shang Shi;" (2) Plaintiff used these marks for religious teachings and practice for over 20 years; (3) the marks used by the Defendant are identical or highly similar in appearance, sound, meaning, and commercial impression to Plaintiff's marks; (4) Defendant's goods and services are identical, or so closely related, to what is offered by Plaintiff that the consumers will likely assume a common source; (5) Plaintiff and Defendant operate in similar markets and are advertising religious classes to the same classes of customers; (6) Defendant was aware of Plaintiff's marks; (7) Defendant's actions will jeopardize Plaintiff's reputation and goodwill because the offered

goods or services are not related to Plaintiff's religious business; and, (8) given that the marks are identical or so closely related, sophisticated and un-sophisticated customers will likely be confused as to what goods or services are advertised and provided.  These factual allegations establish the essential elements of Plaintiff's trademark claims.  See New Kayak Pool Corp., 246 F.3d at 185.  Therefore, Defendant's liability is established and Shi is entitled to judgment on his Lanham Act claim.  The Court further finds that, based on the undisputed allegations in the Complaint, the remedy of injunctive relief is warranted because there is an absence of an adequate remedy at law.  Dkt. 46, Exhibit 12, at 20.

Moreover, an award of attorney's fees is available under the Lanham Act in exceptional cases where the court finds willfulness.  Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995).  Here, the undisputed allegations of the Complaint establish that Defendant acted with willful deception in its commercial practice.  Therefore, Shi is entitled to attorneys' fees.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages [because damages] must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  Fed. R. Civ. P. 55(b) (2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" to determine the amount of damages.  See Tamarin v.. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).  "It is not necessary for the court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." Fustok

4

v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989).  Plaintiff's submissions serve as a proper basis for attorneys' fees that are susceptible to mathematical computation.

Because these damages are susceptible of mathematical computation, the Court will enter judgment in the amount of $28,065.00 in attorney's fees unless, within fourteen days of the date of this Order, Defendant files affidavits and/or other evidence, admissible in form, contesting or otherwise addressing the proper calculation of the attorney's fees. In its submission, Defendant must indicate whether it is requesting an evidentiary hearing.

Accordingly, Plaintiff's motion under the Lanham Act claim is GRANTED and he is entitled to injunctive relief.  Specifically, Defendant is prohibited from using the "GHMZ" Logo and the names "Guang Huan Mi Zong," or "GHMZ."  If Defendant fails to submit evidence in opposition to Plaintiff's claimed damages within fourteen days of the date of this Order, the Clerk of the Court shall enter judgment against Defendant Oasis World and in favor of Shi in the amount of $28,065.00, without further order of the Court.

  **b.** **Second Cause of Action - Right of Privacy Claim**

Plaintiffs have withdrawn their second cause of action for invasion of privacy. Accordingly, Plaintiffs' right of privacy claim is dismissed.

  **c.** **Third and Fourth Causes of Action - Trademark Infringement Under General Business Law § 360(c)**

Plaintiff Western Supreme Buddha Temple ("Temple") asserts it is the registered owner of the mark "GHMZ".  Dkt. 46, Exhibit 7, at 16.   Moreover, Temple asserts that "Guang Huan Mi Zong" and "GHMZ" are common law trademarks and/or service marks entitled to protection from infringement because Plaintiff Shi has utilized " 'Guang Huan Mi

5

Zong' and/or 'GHMZ' to identify the source and/or origin of his goods and/or services including, without limitation, GHMZ's religious teachings and practices." Id. at 17, 18. Temple and Shi assert that Defendant infringed on their common law trademarks, making the same arguments as used in the Lanham Act claim.

New York General Business Law allows for the registration of trademarks and service marks. N.Y. Gen. Bus. Law § 360(c). The trademark analysis under New York common law is the same as the federal trademark analysis. U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F.Supp.2d 158, 178 (S.D.N.Y. 2001) (holding that a New York common-law trade dress claim is analyzed in the same manner as a claim brought under the Lanham Act). The preceding analysis concerning the Lanham Act claim applies equally to the state law claim. Accordingly, Shi and Temple have established Defendant's liability and they are entitled to judgment on the claim. The Court further finds that, based on the undisputed allegations on the Complaint, the remedy of injunctive relief is warranted under the statute. See NY GBL §§ 360-k, 360-l. Accordingly, Shi and Temple's motion for default judgment on the General Business Law claim is GRANTED and they are entitled to the same injunctive relief as stated under the Lanham Act claim.

### d. Fifth Cause of Action - Common Law Unfair Competition: Misappropriation

Plaintiffs Shi and Temple assert that they have a property right over the marks "Guang Huan Mi Zong," "Master Ziguang Shang Shi," "Holy Ziguang Shang Shi," "GHMZ", and that the Defendant misappropriated those marks to obtain an unlawful commercial advantage. Dkt. 46, Exhibit 7, at 19.

"An unfair competition claim involving misappropriation usually concerns the taking

6

and use of a plaintiff's property to compete against the plaintiff's own use of the same property." 104 N.Y. Jur. 2d Trade Regulation § 244; <u>Roy Export Co. Establishment of Vaduz, Liechtenstein v. Columbia Broadcasting System, Inc.</u>, 672 F.2d 1095, 1105 (2d Cir. 1982). Essentially, a claim of unfair competition is the bad faith misappropriation of a commercial advantage belonging to another by infringement or dilution of a trademark or trade name or by exploitation of proprietary information or trade secrets. <u>Eagle Comtronics, Inc. v. Pico Products, Inc.</u>, 256 A.D.2d 1202, 1203 (4th Dep't 1998).

Here, the undisputed facts show that Defendant appropriated Shi and Temple's marks for its own commercial advantage. Specifically, Defendant used Shi and Temple's marks to confuse and deceive customers to purchase religious goods and services that were purported to be in connection with Shi and Temple. Defendant misappropriated and infringed on Shi and Temple's marks when it published religious texts, advertised in a journal about "Guang Huan Mi Zong," and distributed promotional pamphlets. Moreover, the misappropriation was done with willful bad faith and there is no adequate remedy at law.

Accordingly, Shi and Temple's motion for default judgment on the misappropriation claim is GRANTED and they are entitled to the same injunctive relief as stated under the first cause of action.

      **e.**    **Sixth Cause of Action - Common Law Unfair Competition: Palming Off**

Plaintiffs Shi and Temple also assert that they have a property right over the marks "Guang Huan Mi Zong," "Master Ziguang Shang Shi," "Holy Ziguang Shang Shi," and, "GHMZ"; and, that the Defendant's actions constituted palming off under New York common law. Dkt. 46, Exhibit 7, at 20.

Palming off is a form of unfair competition where the infringer deceives the public into believing that its business was that of another, by appropriating the other business' trade name or trademark. Thomas J. Lipton, Inc. v. Borden Inc., 72 Misc. 2d 757, 759, 340 N.Y.S.2d 328, 331 (N.Y. Sup. Ct. 1972). The test to be used is "whether the defendant's packaging so clearly resembles that of the plaintiff that the average casual purchaser will be deceived into thinking that the defendant's product was actually one of the plaintiff's." Lipton, 72 Misc. 2d at 759.

Here, as previously explained, Plaintiffs Shi and Temple have made a strong showing on both the likelihood of confusion and Defendant's bad faith. Moreover, Defendant's packaging of the religious goods or services by advertising and using Plaintiffs' protected marks would likely deceive the average casual purchaser of these kinds of religious goods or services.

Accordingly, Plaintiffs Shi and Temple's motion for default judgment on the palming off claim is GRANTED and they are entitled to the same injunctive relief as stated under the Lanham Act claim.

### f. Seventh and Eighth Causes of Action - Conversion and Defamation

Plaintiffs assert that they are the "rightful owners of monies in the amount of ... $108,200.06" because of fees generated and donations received by Defendant Min Zou on behalf of Plaintiffs and that Zou failed to remit those monies to them in violation of New York common law. Dkt. 46, Exhibit 7, at 21. For example, Plaintiffs allege that $3,974.00 are "attributable to the monies generated by the Health Classes taught by Defendant Zou" and "$67,409.55 represents proceeds generated from [Defendant's Convention]." Id. at 21-22. Plaintiffs also asserts several common law claims of defamation from statements

8

by Defendant Zou. Id. at 22. Plaintiffs' assertions in these two claims are not made against Defendant Oasis World but, rather, are entirely against Zou. Zou has appeared in the action and denies the allegations. See Dkt. # 60. Accordingly, the motion for default judgment on these claims is DENIED.

## IV. CONCLUSION

Plaintiffs' motion for default judgment [dkt. # 46] is **GRANTED in part, and DENIED in part**, as follows:

1. Plaintiff Shi's motion for default judgment under the Lanham Act claim is **GRANTED**. Shi is entitled to an award of attorney's fees and injunctive relief. Specifically, Defendant World Oasis is prohibited from using the "GHMZ" Logo and the names "Guang Huan Mi Zong", or "GHMZ". If Defendant World Oasis fails to submit evidence in opposition to Shi's claimed attorney's fees within fourteen days of the date of this Order, the Clerk shall enter judgment against Defendant Oasis World and in favor of Shi in the amount of $28,065.00, without further order of the Court;

2. Plaintiffs' right of privacy claim is **DISMISSED**;

3. Plaintiffs Shi and Temple's motion for a default judgment under the New York General Business Law is **GRANTED** and they are entitled to the same injunctive relief as stated in paragraph 1 above;

4. Plaintiffs Shi and Temple's motion for a default judgment on the misappropriation claim is **GRANTED** and they are entitled to the same injunctive relief as stated in paragraph 1;

5. Plaintiffs Shi and Temple's motion for default judgment on the palming off claim is **GRANTED** and they are entitled to the same injunctive relief as stated in paragraph 1; and,

6. Plaintiffs' motion for a default judgment on the claims of conversion and defamation against Defendant Zou is **DENIED.**

**IT IS SO ORDERED.**
Dated:July 12, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge

10